In the Matter of BIRMINGHAM APPLIANCE & RADIO CORPORATION.

Bankruptcy No. 81–02397.

United States Bankruptcy Court,
N.D. Alabama, S.D.

April 2, 1984.

Milton G. Garrett, Birmingham, Ala., trustee.

Jack Rivers, Birmingham, Ala., U.S. trustee.

## ORDER NOTING CHANGE OF PROCEDURE IN THIS COURT

STEPHEN B. COLEMAN, Bankruptcy Judge.

Congress having recently funded the United States Trustee Pilot Program until September 30, 1984, based on *An Evaluation of the U.S. Trustee Pilot Program for Bankruptcy Administration, Findings and Recommendations*, sponsored by the United States Department of Justice, Executive Office for U.S. Trustees, in which Congress accepted the statement of ABT Associates, 55 Wheeler Street, Cambridge, MA 02138, on page 129 in which it is stated:

> ... For example, in one district, both the U.S. Trustee and the court claim responsibility for auditing trustees' final reports, proposed distribution orders, and the final distribution. In the court's view, since the judge must sign the distribution order and close the case officially, the court has ultimate responsibility for the audit. *The U.S. trustee argues that the Code requires him to monitor all aspects of the panel trustees' performance, including the distribution of funds to creditors. In the words of this U.S. trustee, "The buck stops here. If this office is mandated by law to supervise the panel, staff must see that the money goes where it should."* (Emphasis added.)

In view of this action, this Court rules that the payment and distribution of monies of the estate to creditors is the *sole function and duty* of the U.S. Trustee and not the concern of the Court and not to be approved or disapproved by the Court.

The Court therefore dispenses with requirements that Trustees file *proposed distributions* with the Court or request for Orders of Distribution or instructions.

IT IS ACCORDINGLY ORDERED:

1. That the request of the Trustee, by letter, for instructions be and the same is DENIED.

2. That should the United States Trustee elect to call a final meeting under Rule X–1006, the Clerk shall notice the meeting to be conducted by the U.S. Trustee or the Trustee.

3. That all final Orders closing estates and discharging the Trustee shall be in the form attached to this Order.

4. That copies of this Order be disseminated to Trustees and attorneys practicing in this Court.

## ORDER APPROVING ACCOUNT, DISCHARGING

### TRUSTEE AND CLOSING ESTATE

The United States Trustee having filed Certificate of Final Audit after Distribution

and reporting to the Court that all funds on hand have been disbursed and that the Trustee has performed all other and further duties required of him in the administration of this estate, and having filed his cancelled checks with the Clerk of the Court.

**Based on the action and recommendation of the United States Trustee.**

**IT IS ORDERED:**

That said estate be and it hereby is closed; that the Trustee be and he hereby is discharged and relieved of his trust; and that the bond of said Trustee be and it hereby is cancelled and that the surety or sureties thereon be and they hereby are released from further liability thereunder, except any liability which may have accrued during the time such bond was in effect.

Dated this the _____ day of _____, 19____.

Stephen B. Coleman
BANKRUPTCY JUDGE